Filed 2/13/25  P. v. Gonzales CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEX ANTHONY GONZALES, JR.,<br><br>    Defendant and Appellant. | F087717<br><br>(Super. Ct. No. F20906042)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Samuel Dalesandro, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

In 2023, appellant and defendant Alex Anthony Gonzales, Jr. (appellant) pleaded guilty to two counts of second degree robbery and one count of felon in possession of a firearm, and admitted firearm enhancements and prior conviction allegations. He was sentenced to the second strike sentence of 22 years eight months.

In this appeal from the judgment, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

Appellant filed three letter briefs raising issues about the plea agreement and the trial court's imposition of sentence. As will be explained, the court extensively addressed and ruled upon every issue that appellant now raises in this appeal, and did not abuse its discretion when it imposed sentence. We affirm.

## FACTS[1]

Around 8:00 p.m. on September 5, 2020, police officers responded to a T-Mobile store regarding an armed robbery. Andrea Ventura-Ibarra, a store employee, reported she had been closing the store for the evening when a man rushed in, brandished a gun, and said: " '10 seconds to get all the iPhones you can.' " He escorted Ventura-Ibarra and another employee, Flor Mosqueda, to the rear of the store at gun point, and said he would shoot them if they did not get the phones. Both employees cooperated. They placed 10 iPhones in a bag, added a tracking device, and the man left the store with the bag.

---

[1]     Appellant entered a plea prior to the preliminary hearing, and the parties stipulated to a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595. At the sentencing hearing, the trial court and the parties discussed appellant's potential sentence by citing to the probation report's summary of the facts of both the current offenses and appellant's prior convictions, without objection. We thus summarize the following facts from the probation report for the limited purpose of reviewing the court's sentencing decisions.

The officers used the tracking device and it led them to a nearby apartment, and they set up a surveillance. After about 45 minutes, appellant walked out of the apartment and he was taken into custody. The two employees were transported to the scene and positively identified appellant as the robber.

The officers searched the apartment pursuant to a warrant. They recovered eight of the stolen iPhones and a loaded .38-caliber revolver.

## PROCEDURAL BACKGROUND

On November 20, 2020, a first amended complaint was filed in the Superior Court of Fresno County charging appellant with counts 1 and 2, second degree robbery of, respectively, Ventura-Ibarra and T-Mobile, and Mosqueda and T-Mobile (Pen. Code,[2] § 211); and count 3, possession of a firearm by a felon (§ 29800, subd. (a)(1)).

As to counts 1 and 2, it was alleged appellant personally used a firearm in the commission of the offenses (§ 12022.53, subd. (b)).

It was further alleged appellant had two prior strike convictions and two prior serious felony conviction enhancements (§ 667, subd. (a)) based on violating section 245, subdivision (a)(2) in 2002, and section 211 in 2008.

### Plea Hearing

On October 3, 2023, the trial court held a change-of-plea hearing. Appellant appeared with his retained counsel. The court stated appellant would be pleading guilty to the three counts and admit the special allegations. The prosecutor agreed, and stated the court would dismiss a misdemeanor case.

Appellant's counsel stated the trial court previously indicated it would dismiss a prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and there would be a 19-year lid.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

The trial court stated they had addressed the matter in February 2023, and discussed a lid of 19 years four months. Appellant counsel asked the court to write that into the change-of-plea form.

The trial court asked the prosecutor whether "[t]his is otherwise a straight-up plea by the People?" The prosecutor replied: "There's no offer as to this case, Your Honor, specifically."

Appellant signed the change-of-plea form in the courtroom, and initialed each paragraph as to the terms and conditions of his plea: he would plead guilty to the three counts, admit the enhancements, and admit the prior strike convictions; the maximum sentence was 25 years to life; the trial court indicated "*Romero*" and 19 years four months; he was pleading to violent felonies; a restitution fine of up to $10,000 could be imposed; and the parties stipulated to a factual basis pursuant to *West*.

At the plea hearing, the trial court asked appellant if he heard the court's discussion with the prosecutor and his attorney, understood the terms of his plea, had enough time to discuss the matter with his attorney, went through the plea form with his attorney, and initialed and signed the plea form. Appellant said yes. The court advised appellant of his constitutional rights, and appellant said he understood and waived those rights.

Appellant pleaded guilty to counts 1, 2, and 3, admitted the firearm enhancements as to counts 1 and 2, and admitted the prior conviction allegations. The trial court granted the prosecutor's motion to dismiss appellant's misdemeanor case.

**Appellant's Sentencing Statement**

On February 2, 2024, appellant's counsel filed a sentencing statement and requested dismissal of all the prior conviction allegations and the firearm enhancements pursuant to section 1385, subdivision (c)(2).

Appellant's motion asserted the trial court had to give great weight to certain mitigating factors pursuant to section 1385, subdivision (c)(2). Appellant had spent his

entire life enduring mental health problems, complicated by substance abuse and exacerbated by poverty, but he had changed and deserved a degree of leniency based on his history of trauma. He suffered a head injury as a child, after which things changed dramatically for him. He started using marijuana and drinking alcohol when he was 13 years old, and subsequently used cocaine, methamphetamine, Xanax, opiates, and heroin to self-medicate his lifelong and undiagnosed mental health problems.

Appellant argued another mitigating factor was that his prior strike convictions were over five years old and occurred in 2002 and 2008. Appellant also argued the trial court could not impose multiple enhancements for both personal use of the firearm and his prior convictions under section 1385, subdivision (c)(2)(B). Appellant asserted the court could impose an alternative personal use enhancement under section 12022.5 which carried a lesser term.[3]

Appellant requested the trial court dismiss one prior strike conviction and impose the indicated sentence of 19 years four months; or impose an aggregate sentence of 15 years by selecting the lesser firearm enhancement of section 12022.5, subdivision (a).

### *Psychological Report*

In support of the sentencing statement, appellant filed a lengthy report prepared by two clinical psychologists from "Assessment, Training, & Research Associates" who were retained to perform an assessment to determine appellant's addiction severity index and potential eligibility for mental health diversion.

The psychologists' report reviewed appellant's records and their recent interviews with him, and reached several conclusions. "[Appellant] presents with a complicated

---

[3]     As will be explained below, the trial court has discretion to dismiss the section 12022.53 firearm enhancement in the interests of justice, impose a lesser included uncharged enhancement within section 12022.53, or impose a lesser included uncharged enhancement outside of section 12022.53 when supported by the facts. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1020−1021 (*McDavid*).)

diagnostic picture that is muddled by severe substance abuse and addiction. His presentation is inconsistent with [the] report, and it is unlikely that he suffers from a psychotic disorder in the absence of drug use." Appellant sought medication and feigned mental health symptoms because of "the abuse potential of the medication requested while he was going through [withdrawals] and then experiencing depressive symptoms. Once [appellant] received the appropriate psychotropic medication which he reported being effective in the community his mental health seemed to stabilize."

Appellant was diagnosed with a history of severe substance abuse. He was now complying with treatment and drug free since he was in the controlled custodial environment. He did not meet the criteria for a psychotic disorder, bipolar disorder, or a trauma related disorder.

Appellant reported a significant history of substance abuse which reduced the efficacy of his ability to address mental health issues. He had not been able to stay in a treatment program long enough to gain the skills and knowledge needed to maintain sobriety. "This along with his propensity to have and use firearms in the commission of criminal activity while under the influence puts him at risk of treatment failure."

## THE SENTENCING HEARING

On February 6, 2024, the trial court convened the sentencing hearing. The court stated it read the probation report, appellant's sentencing statement, and the supporting psychologists' report, and discussed the plea agreement with the parties.

> "THE COURT: The [c]ourt has told counsel that it is prepared to sentence [appellant] to a term of 22 years, 8 months in state prison, which is more than the [c]ourt's indicated of 19 years, 4 months when he entered his plea and *if [appellant] wishes to withdraw his plea based on the [c]ourt's review of the report and the documentation and the motion, the [c]ourt would allow him to do that*, but if … you wish to maintain your pleas of [guilty] to [c]ounts 1, 2, and 3 with the enhancements and priors then the [c]ourt would sentence you to the 22 years 8 months as the [c]ourt's indicated. I know the [c]ourt had indicated a lid of 19 years, 4 months when you entered your plea. So if you do not want to be sentenced to

6.

22 years, 8 months, *you have the right to withdraw your plea* so have you had enough time to discuss that with your attorney, sir?

"[APPELLANT]:  Yes.

"THE COURT:  All right.  And Mr. Gonzale[s], do you wish to proceed with sentencing or do you wish to withdraw your plea?

"[APPELLANT]:  Proceed."

Appellant's counsel asked the trial court to follow its previous indicated sentence of 19 years four months, and objected to the court's calculation of the higher sentence by imposing two consecutive terms for the firearm enhancements.

"[APPELLANT'S COUNSEL]:  My understanding is … the [c]ourt would be imposing the 10-year gun enhancement as to [c]ount 1 and then one-third of that same enhancement as to [c]ount 2.  We will object to that under … the amended [section] 1385[, subdivision] (c)(2) subparagraph [B], which indicates that all enhancements beyond a single enhancement shall be dismissed when statutory factors in mitigation are present."

The prosecutor objected to dismissal of any of the prior strike convictions and firearm enhancements, and argued appellant should be sentenced to 25 years to life because his prior convictions and current offenses involved a robbery and a firearm.

**The Trial Court's Imposition of Sentence**

The trial court stated it had read and considered the probation report and its summary of the facts for appellant's current and prior convictions.  It also considered appellant's sentencing statement, his request to dismiss the prior strike convictions, and the mental health report.

The trial court noted that the prior strike convictions were for assault with a firearm in 2002 and robbery in 2008.  The rest of his record consisted of misdemeanor offenses, with the exception of a felony conviction for violating Health and Safety Code section 11377, subdivision (a) in 2001, which had since been amended to a misdemeanor.

The trial court made lengthy findings as to appellant's sentencing, starting with his request to dismiss the two prior strike convictions. The court explained why it was only dismissing the prior strike based on the 2002 conviction.

> "The [c]ourt understands it has the discretion to strike your prior strike convictions pursuant to [*Romero*] and … [s]ection 1385. In doing so, the [c]ourt will note the age of the prior strike convictions … the … [s]ection 245[, subdivision] (a)(2) case from 2002 and the robbery conviction from 2008. In 2008 you received a six-year prison commitment. You were released on parole in November of 2014. The [c]ourt has considered factors of early resolution and history of issues of mental health.
>
> "In doing so, the [c]ourt finds that imposing both prior strike convictions for a life sentence would result in an unjust sentence [for] [appellant] and the [c]ourt will exercise its discretion and the [c]ourt will strike the conviction from 2002, the [section] 245[, subdivision] (a)(2), as the [c]ourt will make a finding that the strike conviction almost 20 years ago is remote; however, the [c]ourt will not strike the prior strike conviction from 2008 for a robbery, noting that from that date, sir, you were sentenced on a six-year prison commitment, you were released on parole. Since you were released on parole, you've had violations of parole and have not maintained free from substantial or meaningful criminal conduct or violations for any meaning[ful time], and then the offenses here that you plead to also involve robberies so the [c]ourt will not find that you fall out [of] the spirit of the Three-Strikes Law as to the robbery conviction from 2009."[4]

The trial court made findings as to aggravating and mitigating factors pursuant to California Rules of Court, rule 4.421.

---

[4]    Appellant was convicted in 2002 of assault with a firearm on a person (§ 245, subd. (a)(2)) and misdemeanor willful cruelty to children (§ 273a, subd. (b)), and sentenced to four years in prison. In 2005, he violated parole and was returned to prison to finish his sentence. In 2008, appellant was convicted of robbery (§ 211) with a prior strike conviction, and sentenced to six years. In 2015 and 2016, he violated parole and was returned to custody. In 2019, he was convicted of misdemeanor grand theft from a person (§ 487, subd. (c)) and received a two-year conditional sentence. He was on probation when he committed the offenses in this case.

"[T]he [c]ourt finds that [appellant], as a factor in aggravation, has engaged in violent conduct which indicates a serious danger to society. The [c]ourt finds that [appellant's] prior convictions are numerous and increasing in seriousness. The [c]ourt finds [appellant] has served a prior prison term. The [c]ourt finds [appellant] was on supervision at the time of the offense and the [c]ourt finds that [appellant's] prior performance on supervision was unsatisfactory.

"As a circumstance in mitigation, the [c]ourt finds that [appellant] has acknowledged wrongdoing at an early stage in the proceedings and that application of all enhancements would result in a sentence of over 20 years and the [c]ourt's indicated is for a sentence over 20 years, but the [c]ourt will make a finding in addressing … [s]ection 1385."

The trial court next addressed the provisions of section 1385, subdivision (c)(2)(B) as to the imposition of multiple firearm enhancements.

"[T]he [c]ourt has considered whether to strike the two gun enhancements as to [c]ounts 1 and 2 and the [c]ourt finds that [appellant's] use of the firearms has resulted and continues to result *in extreme danger to the community or society*, and that as that basis, the [c]ourt is not going to strike the firearms as to [c]ounts 1 and 2. [E]ven though the [c]ourt struck his prior strike conviction for the [section] 245[, subdivision] (a)(2), the [c]ourt references that conviction and its reading of the report from the probation officer regarding [appellant's] personal use of the firearm in that case and how that firearm was pointed at the victim in that case in which he admitted the conviction, and that [appellant] pointed the firearm at the two victims in this case.

"The [c]ourt finds that as to the enhancements pursuant to … [s]ection 667[, subdivision] (a)(1) and … [s]ection 1385 that imposition of those enhancements would be based on prior convictions that are over five years old.

"Therefore, in reaching the appropriate term, the [c]ourt finds that the middle term is supported as to each count, factors in aggravation do not support mitigated terms."

The trial court imposed an aggregate second strike term of 22 years eight months based on the midterm of three years doubled to six years for count 1, robbery, plus 10 years for the section 12022.53, subdivision (b) firearm enhancement; a consecutive

9.

term of one year (one-third the midterm) doubled to two years for count 2, robbery, plus three years four months (one-third the midterm) for the firearm enhancement; and a consecutive term of eight months (one-third the midterm) doubled to one year four months for count 3.

The trial court stated section 654 did not apply to the two robbery convictions and it was imposing consecutive sentences "because of the separate victim," and there were no section 654 issues as to count 3.

The trial court imposed a restitution fine of $5,000 (§ 1202.4) and suspended the parole revocation fine in the same amount (§ 1202.45). It also imposed a court security fee of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373).

The trial court stated it had considered the issues regarding appellant's mental health as addressed in his sentencing statement, and found appellant was not a suitable candidate for mental health diversion.

Appellant's counsel objected to the $5,000 restitution fine and requested the trial court stay any fine because of appellant's lack of employment and ability to pay. The court stated it had already taken appellant's ability to pay into consideration, and that was why it reduced the probation report's recommendation of a fine of $10,000 to $5,000.

On March 5, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. In response to this court's invitation, appellant filed three letter briefs and raised several issues about the *Wende* brief filed in this appeal, the plea agreement, and the trial court's imposition of each aspect of his sentence.

## I. Appointment of New Appellate Counsel

Appellant's first letter brief requested appointment of a new appellate attorney because his appointed counsel filed a *Wende* brief and did not raise the issues that

appellant wanted him to.  This court denied appellant's request and explained that filing a *Wende* brief is not grounds for removing counsel, and it obligates the appellate court to review the entire record to determine whether there are any arguable issues that should be raised on appellant's behalf.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 442.)

In his second and third letter briefs, appellant reasserted his demand for a new appellate attorney because of counsel's failure to raise any issues in the *Wende* brief.

As this court already explained, appellant was not entitled to appointment of substitute counsel.  An appellate attorney does not commit ineffective assistance by filing a *Wende* brief because "the appellate court … review[s] the entire record to determine whether there is any arguable issue."  (*People v. Kelly* (2006) 40 Cal.4th 106, 118.)

## II.  The Plea Agreement

Appellant contends the trial court violated the plea agreement and he must be resentenced because the plea bargain was for 19 years four months, and the court improperly sentenced him to 22 years eight months.

Under section 1192.5, if a plea agreement is accepted by the prosecution and approved by the trial court, the defendant "cannot be sentenced on the plea to a punishment more severe than that specified in the plea."  (§ 1192.5, subd. (b).)  The statute also provides that if the court subsequently withdraws its approval of the agreement, the defendant "shall be permitted to withdraw the plea if the defendant desires to do so."  (*Id*., subd. (c).)

At the plea hearing, the trial court acknowledged it previously gave an indicated sentence of 19 years four months.  While the court and the prosecutor clarified that there was no definite offer in this case, there was a statement in the change-of-plea form that there was an indicated sentence of 19 years four months.

At the beginning of the sentencing hearing, the trial court stated it had already informed appellant and his attorney that after reviewing the record, it would not impose

11.

the indicated sentence of 19 years four months, and it determined 22 years eight months was more appropriate.

More importantly, the trial court complied with section 1192.5, subdivision (c) and advised appellant that given its sentencing decision, appellant had the right to withdraw his plea. After being so advised, appellant stated that he wanted to proceed with the sentencing, and counsel agreed. Appellant's decision not to withdraw his plea resulted in the court's imposition of the sentence of 22 years eight months.

## III. The Section 12022.53 Firearm Enhancements

Appellant argues the trial court improperly imposed two section 12022.53, subdivision (b) firearm enhancements to run consecutively to the terms imposed for both counts 1 and 2. Appellant argues only one firearm enhancement could be imposed because he "only had one gun." Appellant further argues the court should have reduced the section 12022.53, subdivision (b) personal use enhancement from 10 years to a lesser term of five or three years.

## A. Imposition of Multiple Section 12022.53 Enhancements

Section 12022.53, subdivision (f) states: "Only one additional term of imprisonment under this section shall be imposed per person *for each crime*." (Italics added.) "[T]he Legislature, in limiting the number of enhancements that are to be imposed, could have, but did not, limit imposition to one enhancement per discharge [or use] of a firearm …. Rather, the only limitation is that only one enhancement may be imposed per *crime* (i.e., qualifying felony)." (*People v. Mason* (2002) 96 Cal.App.4th 1, 11−12.)

## B. Dismissal or Reduction of Firearm Enhancements

"[S]ection 12022.53 establishes a tiered system of sentencing enhancements for specified felonies involving the use of firearms…. Section 12022.53, subdivision (h) gives trial courts the discretion to strike those enhancements in the interest of justice pursuant to section 1385." (*McDavid*, *supra*, 15 Cal.5th at p. 1020.) As noted above, the

court has discretion to strike a section 12022.53 enhancement and impose a lesser included, uncharged section 12022.53 enhancement "when the facts supporting the lesser enhancement were alleged and found true by the jury." (*People v. Tirado* (2022) 12 Cal.5th 688, 699.)

A trial court also has discretion to strike a section 12022.53 enhancement and "impos[e] a lesser included, uncharged enhancement under a law other than section 12022.53" if that lesser enhancement "is supported by facts that have been alleged and found true." (*McDavid*, *supra*, 15 Cal.5th at pp. 1021, 1030.) We review a court's ruling on a motion to dismiss or reduce a firearm enhancement for abuse of discretion. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116; *People v. Tirado*, *supra*, 12 Cal.5th at p. 694.)

## C. Analysis

Section 12022.53, subdivisions (b) and (a)(4) provide that a person who personally used a firearm in the commission of a robbery shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years. Section 12022.5, subdivision (a) provides for an enhancement of three, four, or 10 years for personal use of a firearm in the commission or attempted commission of a felony.

At the sentencing hearing, appellant's counsel objected to imposing both firearm enhancements. In the alternative, counsel requested imposition of a lesser firearm enhancement. The trial court was well aware that it had discretion to either dismiss or reduce the firearm enhancements but explained it would not do so because his "use of the firearms has resulted and continues to result in extreme danger to the community or society, and that as that basis, the court is not going to strike the firearms as to [c]ounts 1 and 2. The [c]ourt will further take into consideration … even though the [c]ourt struck his prior strike conviction for the [section] 245[, subdivision] (a)(2), the [c]ourt references that conviction and its reading of the report from the probation officer regarding [appellant's] personal use of the firearm in that case and how that firearm was

13.

pointed at the victim in that case in which he admitted the conviction, and that [appellant] pointed the firearm at the two victims in this case."

The trial court's findings are supported by the record. It did not abuse its discretion in denying appellant's motions and imposing consecutive section 12022.53, subdivision (b) personal use enhancements as to both counts 1 and 2.

## IV.  Section 1385 and the Enhancements

Appellant's next argument is that the trial court's imposition of the two firearm enhancements violated section 1385, subdivision (c)(2)'s prohibition against multiple enhancements. Appellant further argues that when the court imposed his sentence, it failed to consider mitigating circumstances of his history of mental health problems, physical and mental abuse, and his positive conduct in custody.

## A.  Section 1385

Under section 1385, a defendant could invite the trial court to exercise its power by an application to strike a count or allegation of an accusatory pleading. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) On January 1, 2022, Senate Bill No. 81 (2021−2022 Reg. Sess.) went into effect (Stats. 2021, ch. 721, § 1), and amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; *People v. Coleman* (2024) 98 Cal.App.5th 709, 723−724.)

As a result of these amendments, section 1385, subdivision (c) now states: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) As relevant herein, subdivision (c)(2) states:

> "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I)

are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.*" (§ 1385, subd. (c)(2), italics added.)

Section 1385, subdivision (c) enumerates nine "mitigating circumstances" for the trial court to consider, including where multiple enhancements are imposed in a single case, the current offense is connected to mental illness, prior victimization, or childhood trauma, the defendant is a juvenile, or the enhancement is based on a conviction that is over five years old. (§ 1385, subd. (c)(2)(B)−(H).)

"[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, *if the court does not find that dismissal would endanger public safety*, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029, italics added.) The trial court's decision not to dismiss an enhancement pursuant to section 1385, subdivision (c), is reviewed for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

**B. Analysis**

In his sentencing statement and at the sentencing hearing, appellant's counsel argued the trial court must give great weight to mitigating circumstances and dismiss the multiple firearm enhancements as required by section 1385, subdivision (c)(2). In its lengthy sentencing order, the court found aggravating factors that appellant engaged in violent conduct which "indicates a serious danger to society," his prior convictions were

numerous and increasing in seriousness, he served a prior prison term, and he was on supervision when he committed the offenses. The court found mitigating circumstances that appellant acknowledged wrongdoing at an early stage, and application of the enhancements would result in a sentence of over 20 years.

The trial court further stated it had considered the provisions of section 1385, subdivision (c)(2)(B) as to whether to impose two firearm enhancements. It found appellant's "use of the firearms has resulted and continues to result *in extreme danger to the community or society*, and that as that basis, the [c]ourt is not going to strike the firearms as to [c]ounts 1 and 2." (Italics added.)

The trial court's public safety finding thus meant it was not required to give great weight to mitigating circumstances or dismiss the enhancements. Appellant complains the court failed to consider mitigating circumstances, but the court did so when it found that the mitigating circumstances offset the aggravating circumstances so that the midterms were appropriate for all counts. As with its other sentencing decisions, the court's findings are supported by the record and it did not abuse its discretion. (*People v. Walker*, *supra*, 16 Cal.5th at pp. 1029−1030.)

## V. The Restitution Fine

Appellant contends his attorney told him the trial court was going to conduct a hearing on his ability to pay the restitution fine under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, but the court never held the hearing and he cannot pay the $5,000 restitution fine because he can only earn low prison wages. Appellant requests reduction of the restitution fine from $5,000 to the statutory minimum of $300, or suspension of the fine until he is released from prison.

Appellant's argument is based on *Dueñas*, that held "although … section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability

to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) "While the *Dueñas* panel takes care to announce its holding in due process terms, the foundation for its two-part disposition—a reversal of the order imposing the assessments for failure to consider ability to pay, and a stay of execution of the restitution fine pending an ability-to-pay hearing—ultimately rests on a synthesis of due process and equal protection principles." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 38, fn. omitted.)

Appellant's *Dueñas* arguments are refuted by the record. The probation report recommended a restitution fine of $10,000. At the sentencing hearing, the trial court imposed a restitution fine of $5,000. In response, appellant's counsel raised an ability to pay objection. The court replied it had already considered appellant's ability to pay and reduced the restitution fine accordingly, from the recommendation of $10,000 to $5,000. The court did not impose additional fees, likely because of its ability to pay determination. The court thus complied with counsel's request, it made an ability to pay determination, and it did not abuse its discretion.

Appellant complains he cannot pay the restitution fine because of the low level of prison wages. There is nothing in the record to show that appellant would be unable to satisfy the restitution fine and fees imposed by the trial court while serving his prison term, either from prison wages or monetary gifts from family and friends. (*People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

## VI.  Assembly Bill No. 600

Finally, appellant contends the matter must be remanded for the trial court to recall and resentence him, based on the provisions of Assembly Bill No. 600 (2023−2024 Reg. Sess.) and section 1172.1.

"Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions …, section 1172.1 is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' [Citations.] [¶] Under section 1172.1, a trial court may recall a sentence and resentence a defendant 'at any time' upon the recommendation of various designated correctional or law enforcement authorities. [Citation.] The trial court may also do so 'on its own motion' within 120 days of the date of commitment. [Citation.] Pursuant to an amendment effective January 1, 2024, a trial court now also has jurisdiction to recall a sentence and resentence a defendant on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' " (*People v. Hodge* (2024) 107 Cal.App.5th 985, 3−4.)

Section 1172.1 is not relevant to this case. Appellant's challenges to the trial court's rulings were cognizable in this direct appeal from the judgment. Each contention that appellant raised in this appeal was raised by his trial counsel, and considered and addressed by the court when it imposed each aspect of his sentence—dismissing one of the two prior strikes, declining to dismiss or reduce the firearm enhancements, selecting the midterms, imposing consecutive sentences, and reducing the recommended restitution fine. We find the court did not abuse its discretion when it denied counsel's objections and imposed the sentence in this case, and remand is not required.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.